*6308-13*

*i4019688*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

Index No.: **9574/14**

Filed on : **6/26/14**

------------------------------------------------------------x

LENORE CARROLL, as parent and natural guardian of
her daughter, AVA LENORE GRAY,

Plaintiff(s),

Plaintiff designates Kings
County as the place of trial

-against-

**Summons with Notice**

TOYS "R" US, INC., KIDTRAX, GEOFFREY, LLC,
GOODBABY CHILD PRODUCTS CO. LTD and
PARAGON CHILD PRODUCTS CO.,

Defendant(s).

The basis of the venue is
Defendant(s) Residence at
Kings County

------------------------------------------------------------x

To the above named defendant(s)

You are hereby Summoned to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED:   June 26, 2014

*Defendants' Address*:

| | | |
|---|---|---|
| | TOYS "R" US, INC.<br>2857 Flatbush Avenue<br>Brooklyn, NY 11234 | KidTrax<br>4730 E. Radio Tower Lane<br>Olney, IL 62450 |
| Geoffrey, LLC<br>1 Geoffrey Way<br>Wayne, NJ 07470 | Goodbaby Child Products Co., LTD<br>No. 20 Luxi Rd., Lujia Town<br>Jiangsu Province, 215331<br>P.R. China | Paragon Child Products Co.<br>No. 20 Luxi Rd., Lujia Town<br>Jiangsu Province, 215331<br>P.R. China |

Notice: *The nature of this action is* **personal injuries**
*The relief sought is*   **Monetary damages**

RECEIVED
JUL 1 4 2014
Karen McCann

PATRICK W. JOHNSON, P.C.
Attorney for plaintiff(s)
Office and Post Office Address
9118 3rd Avenue
Brooklyn, N.Y. 11209

2014 JUN 26  PM 2: 47

KINGS COUNTY CLERK
RECEIVED

Upon your failure to appear, judgment will be taken against you by default for the sum for in

Received @ Reception

excess of all Courts of General Jurisdiction except that of the Supreme Court with interest from May 10, 2014, and the costs of this action.

## NOTICE
**Upon receipt of this Summons to protect your rights you must turn it over to your Insurance Company immediately.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

--------------------------------------------------------------------x   File date *6/26/14*

LENORE CARROLL, as parent and natural guardian of
her daughter, AVA LENORE GRAY,
                        Plaintiff(s),

                -against-

TOYS "R" US, INC., KIDTRAX, GEOFFREY LLC,
GOODBABY CHILD PRODUCTS CO. LTD and
PARAGON CHILD PRODUCTS CO.,
                        Defendant(s).

--------------------------------------------------------------------x

Index No *9574/14*

**Verified Complaint**

       Plaintiff, LENORE CARROLL, as parent and natural guardian of her

daughter, AVA LENORE GRAY, by and through her attorney, **PATRICK W.**

**JOHNSON, P.C.,** complaining of the defendant herein, sets forth and alleges as follows:

<u>RECITALS</u>

      1.     That at all times hereinafter mentioned, plaintiff was and still is a

resident of the State of New York.

      2.     Upon information and belief, that at all times hereinafter

mentioned, defendant TOYS "R" US, INC. was and is a domestic corporation and

existing under and by virtue of the laws of the State of New York and is duly authorized

to conduct business in the State of New York.

      3.     Upon information and belief, that at all times herein mentioned,

defendant TOYS "R" US, INC. was and is engaged in the manufacture, development,

creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black

Rideon, amongst other things, to the public.

4.     Upon information and belief, that at all times hereinafter mentioned, defendant KIDTRAX was and is a domestic corporation and existing under and by virtue of the laws of the State of Illinois and is duly authorized to conduct business in the State of New York.

5.     Upon information and belief, that at all times herein mentioned, defendant KIDTRAX was and is engaged in the manufacture, development, creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black Rideon, amongst other things, to the public.

6.     Upon information and belief, that at all times hereinafter mentioned, defendant GEOFFREY, LLC, was and is a domestic corporation and existing under and by virtue of the laws of the State of New Jersey and is duly authorized to conduct business in the State of New York.

7.     Upon information and belief, that at all times herein mentioned, defendant GEOFFREY, LLC, was and is engaged in the manufacture, development, creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black Rideon, amongst other things, to the public.

8.     Upon information and belief, that at all times hereinafter mentioned, defendant GOODBABY CHILD PRODUCTS CO., LTD was and is a corporation and existing under and by virtue of the laws of the nation of China and is duly authorized to conduct business in the State of New York.

9.     Upon information and belief, that at all times herein mentioned,

defendant GOODBABY CHILD PRODUCTS CO., LTD was and is engaged in the manufacture, development, creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black Rideon, amongst other things, to the public.

10.    Upon information and belief, that at all times hereinafter mentioned, defendant PARAGON CHILD PRODUCTS CO., was and is a corporation and existing under and by virtue of the laws of the nation of China and is duly authorized to conduct business in the State of New York.

11.    Upon information and belief, that at all times herein mentioned, defendant PARAGON CHILD PRODUCTS CO., was and is engaged in the manufacture, development, creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black Rideon, amongst other things, to the public.

12.    That upon information and belief, at all times hereinafter mentioned, and sometime before the 10th day of May, 2014 all named defendants engaged in the manufacture, development, creation, production, control, sale and distribution of an Avigo Mercedes ML63 Black Rideon, amongst other things, to the public.

13.    That upon information and belief, at all times hereinafter mentioned and sometime before the 10th day of May, 2014, defendant TOYS "R" US, INC., its agents, servants and/or employees supplied and distributed an Avigo Mercedes ML63 Black Rideon in Brooklyn, New York.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF, AVA LENORE GRAY- NEGLIGENCE

14.    On or about the 10th day of May, 2014, Plaintiff AVA LENORE GRAY was caused to and did sustain severe personal injuries solely and wholly as a result of the carelessness and negligence of the defendant, their agents, servants and/or employees, in amongst other things in the manufacture, development, creation, production, control, sale and distribution of said powered riding toy. Furthermore, the defendant, their agents, servants and/or employees were careless and negligent, in amongst other things, in the manufacturing, development, creation, designing, production, control, sale and distribution of said powered riding toy; in failing to inspect said powered riding toy; in allowing and permitting said powered riding toy to become and remain in an unsafe, dangerous and defective condition, in that the powered riding toy car did not include seatbelts, and while the car was in motion, the infant plaintiff sitting in the passenger seat toppled out the back of the toy car and broke her right arm.

15.    That by reason of the foregoing, plaintiff, AVA LENORE GRAY has been severely damaged and injured in the amount of **FIVE MILLION ($5,000,000.00) DOLLARS.**

## AS AND FOR A SECOND CAUSE OF ACTION FOR PLAINTIFF, AVA LENORE GRAY- STRICT TORT PRODUCTS LIABILITY

16.    Plaintiff, LENORE CARROLL, as parent and natural guardian of her daughter, AVA LENORE GRAY herein repeats, realleges, and reiterates each and every allegation set forth in the First Cause of Action with the same force and effect as though the same were set forth herein.

17.    That the foregoing acts, omissions and occurrences, more particularly the malfunctioning of said powered toy car on or about the 10th day of May,

2014, was caused solely and wholly by reason of said product being defective and in an unreasonably dangerous state at the time of its manufacture, sale and proper usage on or about the 10th day of May, 2014.

18.     As a result of the foregoing, defendant, their agents, servants and/or employees are strictly liable in tort to the plaintiff for the acts, omissions and occurrences complained of herein.

19.     As a result of the foregoing, plaintiff AVA LENORE GRAY was caused to and did sustain severe personal injuries, and has sought and continued to receive medical treatment in an endeavor to cure herself of said personal injuries.

20.     As a result of the foregoing, plaintiff, AVA LENORE GRAY has been damaged in the amount of **FIVE MILLION ($5,000,000.00) DOLLARS.**

## AS AND FOR A THIRD CAUSE OF ACTION FOR PLAINTIFF AVA LENORE GRAY - BREACH OF WARRANTY

21.     Plaintiff herein repeats, realleges, and reiterates each and every allegation set forth in the First and Second Causes of Action as if same were as fully set forth herein with the same force and effect.

22.     That the foregoing acts, omissions and occurrences, more particularly the malfunctioning of said powered toy car on or about the 10th day of May 2014, were caused solely and wholly by reason of breach of express and/or implied warranties to plaintiff by defendant, their agents, servants and/or employees in the manufacture, development, creation, production, control, sale and distribution of said toy car.

23.     As a result of the foregoing, plaintiff, AVA LENORE GRAY was caused to and did sustain severe personal injuries, and has sought and continues to receive medical treatment in an endeavor to cure herself of said personal injuries and has suffered severe pain and suffering.

24.     As a result of the foregoing, plaintiff, AVA LENORE GRAY has been damaged and injured in the amount of **FIVE MILLION ($5,000,000.00) DOLLARS.**

**WHEREFORE**, plaintiff LENORE CARROLL, as parent and natural guardian of her daughter, AVA LENORE GRAY demands judgment in the First Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; in the Second Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; and in the Third Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with all the costs and disbursements of the bringing of this case.


Dated: Brooklyn, New York                    Respectfully Submitted,
       June 26, 2014




                                             _____
                                             **PATRICK W. JOHNSON, P.C.**
                                             **Attorney for Plaintiff**
                                             **LENORE CARROLL as mother**
                                             **and natural guardian of her**
                                             **daughter AVA LENORE GRAY**
                                             **9118 Third Avenue**
                                             **Brooklyn, NY 11209**
                                             **(718) 745-5530**

