# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

**LENORE CARROLL, et al.,**

                **Plaintiffs,**        **ORDER**

      -against-                 14-CV-04768 (DLI)

**TOYS "R" US, INC., et al.,**

                **Defendants.**

----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court has received the Notice of Removal filed by defendant Toys 'R' Us, Inc. ("Toys 'R' Us") and finds it to be defective in several respects.

First, although the second plaintiff appears to be a minor, Toys 'R' Us included the name (rather than the initials) of that plaintiff in the caption and publicly filed, as an attachment, the state court complaint, containing the name of the infant plaintiff. Toys 'R' Us has thereby ignored the requirements of Rule 5.2 of the Federal Rules of Civil Procedure, which requires that a minor be referred to by the minor's initials and that the minor's name be redacted. See Fed. R. Civ. P. 5.2(a)(3). The Clerk of the Court is respectfully requested to seal the Notice of Removal and attachments thereto, and to amend the caption of this case to replace the minor's name with her initials.

Second, in support of its invocation of diversity jurisdiction, Toys 'R' Us asserts, in its Notice of Removal, that it is a Delaware corporation with its principal place of business in New Jersey, see Notice of Removal ¶ 4, plaintiff is a resident of New York, see id. ¶ 3, and "[b]ased upon Plaintiff's Summons and Complaint the other defendants are all located outside the State of New York." Id. ¶ 5. However, "[w]here, as here, jurisdiction is asserted by a

defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). The Notice of Removal in this case fails to make the requisite showing of complete diversity to sustain that burden. Toys 'R' Us makes no affirmative showing whatsoever as to the citizenship of each of the co-defendants for diversity purposes. Instead, Toys 'R' Us simply refers to allegations in the complaint concerning the co-defendants. Such an equivocal allusion is not sufficient, particularly given the fact that the answer filed by Toys 'R' Us either denies those allegations, compare Complaint ¶ 6 (regarding defendant Geoffrey, LLC), with Answer ¶ 6, or denies knowledge or information sufficient to form a belief as to the truth of those allegations, compare Complaint ¶¶ 4, 8, 10, with Answer ¶¶ 4, 8, 10.

If, by August 19, 2014, Toys 'R' Us has not filed an Amended Notice of Removal curing the above defects, this Court will recommend that the action be remanded to state court.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 14, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**